## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KOLE AKINOLA,           :

                             :   Civil Action No. 08-2540 (SDW)

          Petitioner,   :

                             :

          v.              :   **OPINION**

                             :

GEORGE W. HAYMAN, et al.,   :

                             :

          Respondents.  :

**APPEARANCES:**

     LESLIE SINEMUS, ESQ.
     76 South Orange Avenue
     Suite 109
     South Orange, New Jersey 07079
     Counsel for Petitioner Kole Akinola

     DEBRA GRACE SIMMS, ESQ.
     ESSEX COUNTY PROSECUTOR'S OFFICE
     50 West Market Street
     Newark, New Jersey 07
     Counsel for Respondents

**WIGENTON**, District Judge

    Petitioner Kole Akinola, a convicted state prisoner,[1] has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court judgments of conviction that were entered on or about September 10, 2002. For the reasons stated herein, the Petition will be denied for lack of substantive merit.

---

    [1]  Mr. Akinola has since been released from confinement with respect to his challenged state court convictions.

## I.   BACKGROUND

### A.   Procedural and Factual History

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the recitation as set forth in the unpublished opinion of the Superior Court of New Jersey, Appellate Division, decided on February 9, 2004, with respect to petitioner's direct appeal from his judgments of conviction:

> Defendant Kole Akinola appeals from the denial of his motion to withdraw the guilty plea he entered pursuant to a plea agreement. Four separate indictments were involved. On the first indictment, he entered a retraxit plea of guilty to third degree possession of a controlled dangerous substance (CDS) with intent to distribute within a thousand feet of school property (N.J.S.A. 2C:35-7). However, because the name of the school was not known, a guilty plea was accepted to simple possession (N.J.S.A. 2C:35-10a(1)). The charge for possession with intent to distribute within a thousand feet of school property in that indictment was dismissed, but the judgment of conviction did not reflect the amended final offense. On the second indictment, No. 99-7-2621, Akinola entered a plea to a different N.J.S.A. 2C:35-7 charge, for possession of cocaine at his home, which was within a thousand feet of Irvington High School. On the third indictment, No. 99-6-2290, he pled to a reduced charge of second degree robbery. The fourth indictment, No. 99-9-2734, was dismissed as part of the plea agreement. The aggregate sentence authorized by the plea agreement was ten years in prison, three years without parole eligibility.

(Re H,[2] February 9, 2004 Appellate Division Opinion at pp. 1-2).

---

[2] "Re" refers to the state court record exhibits provided by the respondents as follows:

Re A Plea Transcript dated April 14, 2000
Re B Motion Transcript dated August 23, 2002

The plea hearing in this case was conducted on April 14, 2000, before the Honorable Richard C. Camp, J.S.C., wherein Akinola pled guilty to two drug charges and one second degree robbery count pursuant to a plea agreement.  (Re A, April 14, 2000 Plea Transcript).  Akinola did not appear at his scheduled sentencing on July 28, 2000, and a bench warrant was issued for his arrest accordingly.  He eventually was apprehended two years later.  Akinola moved to vacate his plea, and a hearing on this motion was conducted by Judge Camp on August 23, 2002.  Judge Camp denied Akinola's motion.  (Re B, August 23, 2002 Motion Transcript).  Akinola was then sentenced on September 10, 2002, to an aggregate term of ten years with three years of parole ineligibility.  (Re C, September 10, 2002 Sentencing Transcript).

---

Re C Sentencing Transcript dated September 10, 2002
Re D Post Conviction/Motion to Reduce Sentence Transcript dated March 2, 2007
Re E Adult Presentence Report
Re F Petitioner's Brief on direct appeal
Re G State's Brief on direct appeal
Re H February 9, 2004 Appellate Division Opinion
Re I June 29, 2004 Order of New Jersey Supreme Court denying certification
Re J Petitioner's Brief on appeal from denial of post-conviction relief ("PCR")
Re K Pro Se Brief on appeal from denial of PCR
Re L State's Brief on Petitioner's PCR appeal
Re M July 27, 2007 Appellate Division Opinion
Re N Petitioner's Motion for Reconsideration
Re O October 22, 2007 Order of New Jersey Supreme Court denying certification
Re P Essex County Indictment No. 99-6-2290
Re Q Essex County Indictment No. 99-7-2621

Akinola appealed from the denial of his motion to withdraw his guilty plea to the Superior Court of New Jersey, Appellate Division.  He asked to have his guilty plea set aside on the ground that his defense attorney had not fully advised him of the penal consequences of his plea.  On February 9, 2004, the Appellate Division affirmed the denial of the motion to vacate the plea, but remanded the matter for correction of the judgment of conviction on Indictment No. 99-6-2289 (to reflect the amended charge of simple possession rather than the incorrectly stated entry that a conviction was entered for possession of CDS with intent to distribute within a thousand feet of school property). (Re H).  The Supreme Court of New Jersey denied Akinola's petition for certification on June 29, 2004.  (Re I).

Akinola filed his first state PCR petition on August 12, 2004.  He thereafter filed two amended petitions and his appointed counsel later filed another PCR petition with supporting legal memoranda.  (Re M at pp. 2-3).  In a memorandum opinion dated March 7, 2006, the Honorable Joseph V. Isabella, J.S.C. denied Akinola's PCR petition.  Akinola appealed from the denial of his state PCR petition.  On July 27, 2007, the Appellate Division affirmed Judge Isabella's denial of Akinola's state PCR petition.  (Re M).  The Supreme Court of New Jersey denied certification on October 22, 2007.  (Re O).

Akinola filed this habeas petition pursuant to 28 U.S.C. § 2254, on or about May 15, 2008.  The State filed a response to the petition on June 9, 2009.  There is no traverse or reply filed in this matter.

## II.  <u>STATEMENT OF CLAIMS</u>

Akinola asserts the following claims in his petition for habeas relief:

A.  Petitioner's guilty pleas were not entered voluntarily or knowingly because no one informed petitioner of the statutory affirmative defense of <u>N.J.S.A.</u> 2C:35-7 even after petitioner gave a factual basis that satisfied this exception.

B.  Petitioner's conviction for possession of CDS in Count Two of Indictment 99-06-2289 violated his constitutional right to due process because he never entered a guilty plea to the lesser charge of possession or consented to the trial court's amendment of the charge to a lesser offense of possession of CDS.

C.  Petitioner's robbery conviction is constitutionally invalid because his guilty plea was accompanied by a contemporaneous claim of innocence.

D.  Petitioner should be allowed to have an evidentiary hearing to clarify the factual basis of his claims and to have his former attorneys cross-examined about their deficiencies as counsel.

E.   Ineffective assistance of trial counsel for encouraging petitioner to plead guilty to certain offenses without informing petitioner of his rights and defenses against said charges.

F.   Ineffective assistance of appellate counsel.

The State essentially contends that the petition should be denied for lack of substantive merit or because it fails to raise claims of federal constitutional dimension.  The State also argues that some of petitioner's claims are procedurally defaulted.

### III.   STANDARD OF REVIEW

Although the docket reflects that Akinola is represented by counsel, the record shows that petitioner's submissions in this matter have been pro se.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Thus, because it appears that Akinola was proceeding as a pro se litigant in this matter, the Court will accord his petition the liberal construction intended for pro se petitioners.

6

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law.  28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  Generally, "[i]f a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable," Engle v. Isaac, 456 U.S. 107, 120 n. 19 (1982), and "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.  That is, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process

Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). In addition, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In addition to the case law, the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court. See 28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(citations and internal quotation marks omitted), reversed

8

on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374
(2005); see also Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir.
2006). A state court may render an adjudication on the merits of
a federal claim by rejecting the claim without any discussion
whatsoever. See Rompilla, 355 F.3d at 247. See also Chadwick v.
Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002), cert. denied, 538
U.S. 1000 (2003)(citing Weeks v. Angelone, 528 U.S. 225, 237
(2000)(even a summary adjudication by the state court on the
merits of a claim is entitled to § 2254(d) deference)). On the
other hand, "[i]f the petitioner's legal claims were presented
but not addressed by the state courts, 28 U.S.C. § 2254(d) does
not apply." Rolan, 445 F.3d at 678. See also Hameen v. State of
Delaware, 212 F.3d 226, 248 (3d Cir. 2000)(with respect to claims
presented to, but unadjudicated by, the state courts, however, a
federal court may exercise pre-AEDPA independent judgment), cert.
denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL
1523144, *6 n.4 (D.N.J. 2000).

If the New Jersey courts adjudicated the petitioner's claims
on the merits, this Court may not grant relief unless either §
2254(d)(1) or § 2254(d)(2) is satisfied. See 28 U.S.C. §
2254(d). Accordingly, this Court may not grant habeas relief to
the petitioner unless the adjudication of a federal claim by the
New Jersey courts involved an unreasonable application of clearly
established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and Adamson is in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a), (d)(2).

When the grounds raised in the petition are governed by 28 U.S.C. § 2254(d)(1), the court must begin its analysis by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000).  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U .S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[3] See id. at 409-10. "The unreasonable application test is an objective one—a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005)).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

---

[3] See also Marshall v. Hendricks, 307 F.3d 36, 71 n. 24 (3d Cir. 2002) ("[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent.")(citations and internal quotation marks omitted).

IV.   <u>ANALYSIS</u>

A.   <u>Guilty Plea Was Knowing and Voluntary</u>

Akinola alleges that his guilty plea to Indictment No. 99-07-2621 (Count IV of the Indictment) relating to possession of cocaine with intent to distribute within a school zone, was not knowingly or voluntarily made because no one had informed him of the statutory defense under <u>N.J.S.A.</u> 2C:35-7, even after he gave a factual basis that would qualify for this statutory defense. More specifically, Akinola states that the police came to his house for an unrelated matter and searched his home, finding cocaine inside.  Akinola's house was within 1000 feet of the Irvington High School.  He claims there was no narcotic sale or transaction of any kind at the time.

Akinola asserts that after he was sentenced, he learned of the statutory exception to the offense for which he was convicted.  Namely, the statute provides an affirmative defense to the crime if (1) the prohibited conduct took place entirely within a private residence; (2) no persons 17 years or younger were in the residence at the time of the offense; and (3) the prohibited conduct did not involve distributing, dispensing or possessing with the intent to distribute or dispense any controlled dangerous substance ("CDS") for profit.  Akinola states in his petition that, had he learned of this affirmative defense, he would not have pled guilty to the offense.

12

The State argues that the claim has no merit because the facts of the case show that the statutory defense would not have applied.  In particular, the State notes that there was ample factual support for Akinola's plea.  Namely, the presentence report showed that the money confiscated at Akinola's residence was connected to drug activity.  Moreover, the State contends that Akinola received an extremely favorable plea agreement that included concurrent sentencing on all charges, the lowest possible prison sentence for the first degree robbery (before it was amended to second degree robbery), the dismissal of additional charges under two indictments, and the dismissal of another indictment.  Therefore, the State argues that Akinola would not likely have rejected the plea agreement.

On direct appeal, the Appellate Division rejected Akinola's arguments that his plea was not knowing or voluntary, and that there was an inadequate factual basis to support the charges in the indictments.  Specifically, the court ruled:

> We have considered the record in light of the arguments presented and conclude that the record support the judge's denial of Akinola's motion to vacate the plea.  Based on a review of the plea form and the questions asked at the plea proceedings, Akinola knew, and admitted on the record, that his exposure was ten years on the robbery charge as recommended by the prosecutor.  He did not object when the prosecutor said that he was asking for the ten-year-term on the robbery and the concurrent five-year-term, three years without parole eligibility on the other offenses.  He also acknowledged that there were no promises made to him that were not part of the record.

> Akinola presented no evidence of the existence of any secret side agreement.  A transcript of the plea proceedings clearly shows that Akinola was told exactly what the sentence would be under the plea agreement, and accepted it.
>
> We are also satisfied that there was an adequate factual basis for the plea.
>
> There is no dispute that the judgment of conviction on Indictment No. 99-6-2289 incorrectly shows that a conviction was entered for possession of CDS with intent to distribute within a thousand feet of school property.  Hence, that judgment of conviction must be amended to reflect the corrected charge and the final disposition.
>
> We affirm the denial of the motion to vacate the plea, and remand for correction of the judgment of conviction on Indictment No. 99-6-2289.

(Re H, February 9, 2004 Appellate Division Opinion at pp. 3-5).

Akinola thereafter filed a state PCR petition raising these same arguments.  He also filed several amended petitions.  The Honorable Joseph V. Isabella, J.S.C., issued an written Opinion and Order, dated March 7, 2006, denying post-conviction relief. In rejecting Akinola's argument that his attorney failed to advise Akinola of an available affirmative defense that would have annulled the guilty plea to Indictment #99-07-2621, Judge Isabella expressly found that Akinola "has not proffered any evidence relative to the N.J.S.A. 2C:35-7 school zone affirmative defense.  In fact, the Pre-Sentence Report indicates that $175.00 was confiscated from the defendant as drug proceeds and was forfeited to the State as same."  (Re J, at Docket entry no. 22-4, March 7, 2006 Denial of PCR Opinion at Da136).

Judge Isabella further ruled:

In addition to the plea form, a careful review of the sentencing transcript reveals that the guilty plea was made voluntarily and knowingly, and that defendant was aware of the nature of the charges and the consequences of the plea. The Court questioned his understanding of the plea form, his mental competency as well as his satisfaction with counsel. The Court also instructed this defendant as to the nature of the charges and the consequences of the plea and asked whether he had been pressured to plead, to which he answered "no." Thus it is clear that defendant understood his plea, and therefore no "manifest injustice" will result in allowing the plea to stand.

Regardless, Judge Camp, the Judge at the time of the defendant's plea as well as his sentencing, was present and observed the behavior and listened to the responses of [defendant] and rendered on the record a thorough decision when accepting his plea. When denying the defendant's initial motion Judge Camp stated:

> This court takes great pains and trouble before a plea to make sure that a defendant knows his rights, is explained to him. The record is clear that in that - in this particular case you were as articulate then as you are now. You know all the ramifications ... I can tell you that I went over everything with you, in detail, both before the plea and at the time of the plea.

T. Sentencing 4:1-10. The Judge continued,

> There is absolutely nothing here, to me, even to suggest entertaining that application. We're proceeding with the sentence.

Id. at 15-17.

(Re J, Docket entry no. 22-4 at Da137-138).

On appeal from denial of the PCR petition, the Appellate Division found that Akinola's arguments "are barred by Rule 3:22-5, because they were previously reviewed and rejected on the merits in his direct appeal. We thus affirm substantially based on the reasons expressed by Judge Isabella in his memorandum of

opinion." (Re M, July 27, 2007 Appellate Division Opinion at pg. 5).

Due process requires that guilty pleas be entered knowingly and voluntarily. See, Boykin v. Alabama, 395 U.S. 238, 242 (1969). It is crucial that the record show not only that a defendant was aware of his rights, but also that he "intelligently and understandingly" waived them. Id. See also Johnson v. Zerbst, 304 U.S. 458, 464 (1938)("[waiver must be] an intentional relinquishment or abandonment of a known right or privilege"). A guilty plea entered by one fully aware of the direct consequences of the plea is voluntary "'unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" Brady v. United States, 397 U.S. 742, 755 (1970) (quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir. 1956) (en banc), rev'd on confession of error on other grounds, 356 U.S. 26 (1958)). The Court of Appeals for the Third Circuit has held that the only direct consequences relevant to evaluating the voluntariness of a guilty plea are the maximum prison term and fine for the offense charged. See Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996), superseded by statute on other grounds as

16

stated in <u>Dickerson v. Vaughn</u>, 90 F.3d 87 (3d Cir. 1996).  A
guilty plea is made intelligently only if a criminal defendant
receives "'real notice of the true nature of the charge against
him ... .'"  <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998)
(quoting <u>Smith v. O'Grady</u>, 312 U.S. 329, 334 (1941)).

>   The Third Circuit further has held that:

> no criminal defendant should plead guilty to a crime unless,
> and until, he has had explained to him and understands all
> of his constitutional rights and protections, including the
> privilege against compulsory self-incrimination guaranteed
> by the Fifth Amendment, the right to a trial by jury, and
> the right to confront one's accusers.

<u>Hill v. Beyer</u>, 62 F.3d 474, 480 (3d Cir. 1995)(citing <u>Boykin</u>, 395
U.S. at 243); <u>see also</u> <u>United States v. Peppers</u>, 302 F.3d 120,
135 (3d Cir. 2002)(stating that "to be valid [a defendant's]
waiver must be made with apprehension of the nature of the
charges, the statutory offenses included within them, the range
of allowable punishments thereunder, possible defenses to the
charges and circumstances in mitigation thereof, and all other
facts essential to a broad understanding of the whole matter"),
<u>cert</u>. <u>denied</u>, 537 U.S. 1062 (2002); <u>but</u> <u>see</u> <u>United States v.</u>
<u>Thomas</u>, 357 F.3d 357, 364 (3d Cir. 2004)(describing these same
factors as "illustrative examples of factors that courts might
discuss, not a mandatory checklist of required topics").

>   Further, the Supreme Court has explained that the level of
detail in the plea colloquy is not dispositive:

> [T]he law ordinarily considers a waiver knowing,
> intelligent, and sufficiently aware if the defendant fully
> understands the nature of the right and how it would likely
> apply in general in the circumstances-even though the
> defendant may not know the specific detailed consequences of
> invoking it. ...  If [the defendant] ... lacked a full and
> complete appreciation of all of the consequences flowing
> from his waiver, it does not defeat the State's showing that
> the information it provided to him satisfied the
> constitutional minimum.

<u>Iowa v. Turner</u>, 541 U.S. 77, 92 (2004)(emphasis, internal

quotation marks, and citation omitted).

The above standards govern the validity of a guilty plea

even when a criminal defendant protests his innocence despite his

entry of a guilty plea.

> [W]hile most pleas of guilty consist of both a waiver
> of trial and an express admission of guilt, the latter
> element is not a constitutional requisite to the
> imposition of criminal penalty [when, as in the instant
> case,] a defendant intelligently concludes that his
> interests require entry of a guilty plea and the record
> before the judge contains strong evidence of actual
> guilt.

<u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970).  The Supreme

Court noted further that "[b]ecause of the importance of

protecting the innocent and of insuring that guilty pleas are a

product of free and intelligent choice, various state and federal

court decisions properly caution that pleas coupled with claims

of innocence should not be accepted unless there is a factual

basis for the plea and until the judge taking the plea has

inquired into and sought to resolve the conflict between the

waiver of trial and the claim of innocence."  <u>Id.</u> at 38 n.10

(citations omitted).  Applying <u>Alford</u>, the Court of Appeals for the Third Circuit has held that "there must always exist some factual basis for a conclusion of guilt before a court can accept an <u>Alford</u> plea." <u>United States v. Mackins</u>, 218 F.3d 263, 268 (3d Cir. 2000), <u>cert. denied</u>, 531 U.S. 1098 (2001).

Here, upon careful review of the record, this Court finds nothing substantive to support Akinola's argument that his plea of guilty to one count of possession with intent to distribute within 1000 feet of school property (Indictment # 99-07-2621) was not voluntary, knowingly or intelligently made because his counsel allegedly did not inform Akinola of a potential defense to the offense under <u>N.J.S.A.</u> 2C:35-7.  Indeed, Akinola offers nothing in support of this bald claim.  Consequently, this Court cannot conclude that the determination of the state trial and appellate courts in finding Akinola's guilty plea to Indictment # 99-07-2621 resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  <u>Williams v. Taylor</u>, <u>supra</u>.  The state courts applied the correct law and facts in reaching its determination that the plea was voluntarily, knowingly and intelligently given.  Petitioner has failed to demonstrate that the state court opinions, when evaluated

objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  Matteo, 171 F.3d at 891.  Therefore, the Court will deny federal habeas relief on this claim because petitioner's claim is substantively meritless.

B.  Plea to Indictment # 99-06-2289

Next, Akinola contends that he never pled guilty to the amended charge of possession of CDS under Indictment # 99-06-2289.  Akinola suggests that the trial court impermissibly overstepped its discretion by amending the drug charge without Akinola's consent.

Akinola raised this claim on direct appeal and in his state PCR proceedings.  On direct appeal, the Appellate Division noted that on Indictment # 99-06-2289, the plea transcript showed that the charge for possession with intent to distribute within 1000 feet of school property was dismissed because the name of the school was not known, and the guilty plea was accepted to simple possession.  However, the judgment of conviction did not reflect the amended final offense.  Accordingly, the Appellate Division remanded the matter for correction of the judgment of conviction on Indictment # 99-06-2289.  (RE H, February 9, 2004 Appellate Division Opinion at pp. 2-5).

Akinola raised the issue again in his state PCR proceedings.  In his March 7, 2006 Memorandum Opinion, Judge Isabella found:

> Additionally, defendant claims that he took no part in the
> plea bargain and that the decision was made sua sponte.

20

> Under the facts of this case, Judge Camp remedied the school
> zone element, or lack thereof, by amending the charge and
> removing the parole stipulation time from the sentence.
> This action falls within the "discretion of the sentencing
> judge" discussed in State v. Salentre, 242 N.J. Super. 108
> (App. Div. 1990).  Upon making the change, the judge, on the
> record and after receiving both attorneys' consent, remedied
> the situation.  This ensured that defendant's rights were
> protected and that no "manifest injustice" occurred,
> ultimately placing defendant in a better position.
>
> Also, there is ample evidence that the defendant was aware
> of what was taking place and understood that he had the
> right to speak up had he had any problem with the
> modification.  As evidenced by his answers on the plea form,
> he stated that he committed the offense to which he pled.
> Defendant also stated that he understood what the charges
> meant and that he understood the nature of the drug charges.

(Re J, Docket entry no. 22-4 at Da136-137).  The Appellate

Division affirmed denial of PCR relief on this claim

substantially for the reasons set forth by Judge Isabella in his

memorandum opinion.  (Re M).

Upon careful review of the record, this Court finds no basis

to grant habeas relief on this claim sufficient to disturb a

knowing and voluntary plea by Akinola on this reduced charge.

Indeed, the record plainly shows that Akinola was informed of the

amended charge and he accepted it when he pled guilty and

allocuted to all of the charges.  Therefore, this Court concludes

that Akinola's guilty plea to an amended charge of simple

possession under Indictment # 99-06-2289 was knowing and

voluntary, and that the determination of the state trial and

appellate courts in this regard did not result in a decision that

was contrary to, or involved an unreasonable application of

21

clearly established federal law.  Nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Williams v. Taylor, supra.  The state courts applied the correct law and facts in reaching its determination that the plea was voluntarily, knowingly and intelligently given.  Petitioner has failed to demonstrate that the state court opinions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  Matteo, 171 F.3d at 891. Therefore, the Court will deny federal habeas relief on this claim because petitioner's claim is substantively meritless.

C.   Plea to Robbery Charge

Akinola also argues that his guilty plea to the robbery charge was constitutionally invalid because his plea was accompanied by a contemporaneous claim of innocence.  In denying Akinola's motion to retract his guilty plea, Judge Camp plainly rejected the argument as baseless, finding that there was "no question" that the factual basis for second degree robbery was established by Akinola during his allocution.  (Re B, Motion Transcript at P20:L4-20).  On direct appeal, the Appellate Division likewise found an adequate factual basis for the guilty plea.  (Re H).

The Plea Transcript demonstrates that Akinola did admit to the necessary facts sufficient to support the essential elements

of a second degree robbery offense.  He admitted that he
approached the victim and confronted the victim on two occasions
demanding his money back.  Akinola also admitted that he saw
money in the victim's pocket and he reached for it, and a scuffle
ensued.  He admits that he took the money unlawfully.  (Re A,
Plea Transcript at 10:19-11:16).  Thus, Akinola's plea is
sufficient under New Jersey's statute for second degree robbery
because he admitted using force upon another in the course of
committing a theft.  See N.J.S.A. 2C:15-1.[4]

Further, pursuant to N.J.S.A. 2C:15-1a, it is irrelevant
whether Akinola actually took the money or merely attempted to
take the money.  Finally, it is not an affirmative defense to a

---

[4]  N.J.S.A. 2C:15-1 reads:
a. Robbery defined. A person is guilty of robbery if, in the
course of committing a theft, he:
(1) Inflicts bodily injury or uses force upon another; or
(2) Threatens another with or purposely puts him in fear of
immediate bodily injury; or
(3) Commits or threatens immediately to commit any crime of
the first or second degree.
An act shall be deemed to be included in the phrase "in the
course of committing a theft" if it occurs in an attempt to
commit theft or in immediate flight after the attempt or
commission.
b. Grading. Robbery is a crime of the second degree, except
that it is a crime of the first degree if in the course of
committing the theft the actor attempts to kill anyone, or
purposely inflicts or attempts to inflict serious bodily
injury, or is armed with, or uses or threatens the immediate
use of a deadly weapon.

robbery charge if Akinola believed the money to belong to him.[5]
See State v. Mejia, 141 N.J. 475, 492, 498 (1995)(a defendant
charged with robbery is not entitled to an affirmative defense of
"claim of right").

Accordingly, this Court finds nothing in the record to
support Akinola's claim that his guilty plea was constitutionally
deficient.  Akinola' allocution did not support a claim of
factual innocence, and it was clear that the factual recitation
given by Akinola was sufficient to support the essential elements
of the robbery offense.  Therefore, this Court finds no basis to
grant habeas relief on this claim because it is completely
lacking in substantive merit.

D.   Ineffective Assistance of Counsel Claims

Akinola asserts that both his trial counsel and appellate
counsel were ineffective in violation of his Sixth Amendment
right to effective assistance of counsel.  The "clearly
established Federal law, as determined by the Supreme Court of
the United States," 28 U.S.C. § 2254(d)(1), is the standard for
ineffective assistance of counsel as enunciated in Strickland v.
Washington, 466 U.S. 668 (1984).  Under Strickland, a petitioner
seeking to prove a Sixth Amendment violation must demonstrate

---

[5]  Akinola contends that he had bought a car from the victim
and the car turned out not to meet the representations made at
the time of purchase.  Thus, Akinola was simply demanding his
money back.

that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct.  See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001).  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id.

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense.  See Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  See id. at 697; see also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

25

Finally, the Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right.  See Evitts v. Lucey, 469 U.S. 387 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004); Wright v. Vaughn, 2004 WL 1687865 at *6, n. 10 (E.D.Pa. July 26, 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Moreover, in order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal.  See Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir.), cert. dismissed, 527 U.S. 1050 (1999).

1. *Trial Counsel*

Akinola asserts that his trial counsel was ineffective in failing to advise him of an available affirmative defense to the

charge of possessing CDS with intent to distribute within 1000 feet of a school (Indictment # 99-07-2621).  He contends that had he known of the statutory defense, he would have gone to trial. Akinola explains that he had agreed to the plea for robbery because of the drug offenses.  He claims that had he known of the statutory defense to the drug charge, he would not have pled guilty to the robbery charge either because he believed he had a valid defense because the victim was a "notoriously suspect" used car salesman who had sold Akinola a car that later broke down. Akinola argues that he was attempting to get his money back, not take the "property of another", the predicate theft element for a robbery offense.

Akinola raised this claim of ineffective assistance of trial counsel in his state PCR petition, which was denied.  In rejecting the claim, Judge Isabella followed <u>Strickland</u>.  Judge Isabella also noted that:

> ... In the specific context of an action to withdraw a guilty plea, to satisfy the 'prejudice' requirement of the second prong, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

> Furthermore, a defendant is only entitled to withdraw his plea of guilty if he can establish that when he pleaded guilty he was ignorant of the true nature of the charge against him because of erroneous legal advice by counsel. <u>State v. Rhein</u>, 117 N.J. Super. 112, 118 (App. Div. 1971).

> In the case at bar, the defendant has a difficult task proving either of the prongs to the ineffective assistance of counsel.  There is no evidence that counsel's representation fell below the objective standard of reasonableness.  The attorney played a vital role in charges

being dropped in the plea agreement, as well as the school
zone offense to be downgraded.  Additionally, there is no
evidence that the attorney during the plea phase was so
deficient that there is a likelihood that the outcome would
have been different.  Had the attorney not accepted the
lesser charge, it is likely that the defendant would have
pled to the school zone charge.  More importantly however,
the outcome would not have changed for the simple fact that
the Appellate Court already ruled that there was sufficient
evidence to sustain the plea.  The defendant contends that
his attorney failed to advise him of an available
affirmative defense which would have annulled the plea, but
the defendant has not proffered any evidence relative to the
N.J.S.A. 2c:35-7 school zone affirmative defense.  In fact,
the Pre-Sentence Report indicates that $175.00 was
confiscated from the defendant as drug proceeds and was
forfeited to the State as same.

(Re J, Docket entry no. 22-4 at Da135).

The Appellate Division affirmed denial the PCR petition on

appeal for the reasons set forth by Judge Isabella.  (Re M).

In his habeas petition, Akinola has made no showing to

contradict the state court rulings that his trial counsel's

performance was not deficient in any way.  Moreover, even if

Akinola could show that his counsel was deficient in failing to

inform him of the affirmative defense, Akinola cannot satisfy the

prejudice prong under Strickland.  Both the PCR court and

Appellate Division found that there was no merit under

Strickland's two-prong test to support Akinola's claim of

ineffectiveness of trial counsel.  Indeed, the state courts found

that there was a sufficient factual basis pleaded by Akinola to

support the charges, not only for the school zone drug offense

but also for the robbery charge.  Thus, Akinola's belated claim

that he would have gone to trial had he known of the affirmative defense is specious.

This Court is satisfied from its review of the pertinent state court record that there was ample evidence to support the state court rulings on this issue.  There is nothing from the plea transcript to suggest that trial counsel's performance was not competent given the plea agreement reached on numerous charges, some of which were downgraded and another which was dropped altogether.  This Court also finds that Akinola has not shown, as required under 28 U.S.C. § 2254(d), that the actions of the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court in <u>Strickland</u>, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Therefore, this ineffective assistance of trial counsel claim for habeas relief will be denied.

2. *Appellate Counsel*

Next, Akinola argues that his appellate counsel was ineffective because he failed to raise the above arguments on direct appeal.  Based on the state court record and state court factual findings, this Court finds no merit to Akinola's claim.  Indeed, this Court's review of the state court record confirms

29

that appellate counsel prepared a very thorough brief on behalf of petitioner.

Moreover, Akinola has not shown that his appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). He has simply demonstrated that counsel failed to raise a non-meritorious claim which had no reasonable probability in reversing Akinola's conviction on appeal, as demonstrated by the Appellate Division's ruling on direct appeal that there was sufficient evidence to sustain the plea. See Buehl, 166 F.3d at 173-74.

Therefore, this Court finds that petitioner's ineffective assistance of appellate counsel claim fails because he cannot demonstrate either deficient performance or any resulting prejudice. Accordingly, this Court will deny this claim pursuant to 28 U.S.C. § 2254(b)(2), because it is completely lacking in merit.

E.   Unconstitutional Sentence Claim

Akinola further contends that his sentence was unconstitutional because he received the statutory maximum on the school zone drug offense and the robbery offense despite the trial court's rejection of the aggravating factor that would justify the maximum term. He also argues that he was sentenced on Indictment # 99-06-2289 although he never pled guilty to the offense.

30

The Court finds no constitutional violation.  Absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality and length of a sentence (including the period of parole ineligibility) are questions of state law over which this Court has no jurisdiction under § 2254.  See Chapman v. United States, 500 U.S. 453, 465 (1991)(under federal law, "the court may impose ... whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment"); see also Wainwright v. Goode, 464 U.S. 78 (1983).

Here, the sentence was within the recommendation made by the prosecutor based on the plea agreement.  The sentence was not excessive, nor was it beyond the maximum term under the offense statutes.  Consequently, Akinola received a sentence for which he bargained as a result of the plea agreement.  Finally, his claim that he was sentenced for a crime to which he did not plead is utterly specious, for the reasons set forth in the Opinion above.

F.  Request for Evidentiary Hearing

Finally, Akinola contends that this Court should order an evidentiary hearing so that he can develop and clarify the factual basis of his claims.  Specifically, Akinola argues that his former attorneys should be examined concerning their

31

deficient representation.  He sought an evidentiary hearing on his state PCR petition.  Akinola does not articulate a basis for an evidentiary hearing other than to question his attorneys' performance.  Namely, he does not set forth which material facts were in dispute that require an evidential hearing.

Consequently, it seems that Akinola is seeking to have an evidentiary hearing because he was denied one in his state PCR proceeding.  However, Akinola has no federal right to an evidentiary hearing or other relief denied by a state PCR court. Infirmities in a state PCR proceeding do not raise constitutional questions in a federal habeas action.  See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation").  Thus, errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  Hassine, 160 F.3d at 954.

In this case, as shown above, Akinola failed to establish a prima facie case of ineffective assistance of counsel that would have allowed the state court to grant an evidentiary hearing. This Court finds that the state PCR court committed no error of a constitutional dimension in denying an evidentiary hearing, and Akinola has demonstrated no basis for an evidentiary hearing here as his ineffective assistance of counsel claim was found by this Court to lack merit.  Akinola has failed to show that the state

court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Williams, 529 U.S. at 412-13.  Therefore, this claim is denied as moot.

## V.  CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be denied, and a certificate of appealability will not issue.   An appropriate Order follows.

s/SUSAN D. WIGENTON
United States District Judge

DATED: February 3, 2011